UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
HECTOR CHEBERE,

            Petitioner,     :    04 Civ. 296 (LAP)

      -against-        :    MEMORANDUM & ORDER

WILLIAM PHILLIPS,

            Respondent.  :
------------------------------------ x



DATE FILED: 9-18-13

LORETTA A. PRESKA, Chief United States District Judge:

    Pro se petitioner, Hector Chebere ("Chebere" or "Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on September 6, 2003, seeking relief from his 1998 conviction in the Supreme Court of the State of New York. (Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ("Petition" or "§ 2254 Petition") [dkt. no. 2].) On Nov. 2, 2011, Magistrate Judge Debra C. Freeman issued a Report & Recommendation, recommending that the Petition be denied. ("R&R" or "Report") [dkt. no. 28]. For the reasons set forth below, the R&R is adopted and the Petition is DENIED.

BACKGROUND

I.   <u>Petitioner's Conviction</u>

    Upon a jury verdict, Petitioner was found guilty of two counts of Murder in the Second Degree, in violation of N.Y. Penal Law § 125.25[1] and [3], one count of Robbery in the First

Degree, in violation of N.Y. Penal Law § 160.15[2], one count of Robbery in the Second Degree, in violation of N.Y. Penal Law § 160.10[1], and one count of Kidnapping in the Second Degree, in violation of N.Y. Penal Law § 135.20. (R&R at 9.) He was sentenced to 22 years to life on both murder counts, 12 and one-half to 25 years for first-degree robbery, five to 15 years for second-degree robbery, and eight and one-third to 25 years for second-degree kidnapping, all sentences to run concurrently. (Id. at 2.)

II.   Petitioner's Motions Prior to this Habeas Petition

On August 1, 2001, Petitioner filed a direct appeal, and the Appellate Division unanimously affirmed the judgment convicting Petitioner. (R&R at 9.) In addition to filing a direct appeal, Petitioner, proceeding pro se, filed a motion to vacate his conviction pursuant to New York C.P.L.R. § 440.10(1) ("Section 440") on April 3, 1999. (Id. at 11.) The trial court denied Petitioner's Section 440 motion in its entirety. (Id. at 12.)

In July 1999, while Petitioner's motion to vacate was pending, Petitioner pursued Freedom of Information Law ("FOIL") requests for evidence to support his motion, specifically asking that the District Attorney of Bronx County ("DA's Office") disclose documents relating to Nick Quinones, one of the prosecution's witnesses at Petitioner's trial. (R&R at 14.)

2

The DA's Office did not disclose all the documents, although it disclosed 481 documents. (Id.) Petitioner then filed an Article 78 Petition challenging the DA's Office's position that certain documents were appropriately withheld. (Id.) The Court dismissed the Article 78 petition, and did not require any further disclosure from the DA's Office. (Id.)

On December 8, 2003, Petitioner moved to renew his prior Section 440 motion to vacate on the ground that his FOIL litigation had, according to Petitioner, revealed evidence that the prosecutor had in fact withheld exculpatory evidence. (R&R at 14.) The trial court denied Petitioner's motion to renew on the ground that he had not presented any newly discovered evidence. (Id. at 15.)

Although the trial court initially dismissed Petitioner's Article 78 challenging the DA's Office's decision to withhold certain documents, the Appellate Division reversed in 2004, and remanded the matter for an in camera inspection of the withheld the documents. (R&R at 15.) The trial court inspected the documents and determined that only certain documents were exempt from disclosure under FOIL. (Id.)

On May 5, 2006, Petitioner moved, for a second time, to renew his motion to vacate his conviction under Section 440. (R&R at 16.) The trial court denied Petitioner's motion. (Id. at 17.)

3

By letter dated December 12, 2007, Petitioner submitted a second FOIL request requesting documents about Quinones. (R&R at 17.) The City Department of Investigation ("DOI") denied his request. Petitioner appealed the denial, and DOI denied his appeal. (Id. at 18.)

III. The Habeas Petition

Petitioner's Section 2254 petition asserted thirteen claims: (1) Petitioner's conviction was against the weight of the evidence and/or was based on insufficient evidence (§ 2254 Petition Attachment at 1); (2) Petitioner's conviction was based upon the "false" testimony of James Venson, which was the result of prosecutorial misconduct and violated Petitioner's due process rights (id.); (3) Petitioner was improperly prejudiced by the introduction of unnecessarily excessive evidence of his purported involvement in the drug trade (id.); (4) Petitioner was improperly cross-examined about highly prejudicial and non-probative allegations that he had abused his pregnant girlfriend (id.); (5) the trial court unjustifiably limited Petitioner's trial counsel's summation (id.); (6) the trial court's alibi instruction was improper because it failed to explain that Petitioner "had no burden to prove that he was not the person who committed the crime" (id.); (7) Petitioner's sentence was excessive (id.); (8) the prosecution withheld Brady materials regarding its alleged agreements with cooperating witnesses

4

(id.); (9) the prosecution elicited false testimony from cooperating witnesses (id.); (10) Petitioner received ineffective assistance of trial counsel because his counsel did not, prior to trial, adequately investigate the crime scene or interview certain witnesses (id. at 2); (11) the double jeopardy clause prevents Petitioner from being retried (id.); (12) Petitioner was denied a "full and fair" hearing regarding the prosecution's alleged withholding of Brady material, in violation of his due process rights (id.); and, (13) Petitioner received ineffective assistance of counsel when his trial counsel failed to explore fully the circumstances surrounding Nick Quinones' testimony  (id.).

IV.  The Report & Recommendation

On November 1, 2011, United States Magistrate Judge Debra Freeman issued a Report & Recommendation.  In the Report, Judge Freeman divided Petitioner's claims according to when they had been raised previously in other motions, if at all.  (R&R at 24-25.)  Judge Freeman determined the following:  the first five claims were made by Petitioner on his direct appeal, claims 8 through 11 were raised by Petitioner in his Section 440 Motion, and the last two claims were newly added for this habeas petition.  (Id. at 24.)  Judge Freeman concluded that each of the claims should be dismissed, either as procedurally barred, non-cognizable, or without merit.  (Id. at 25.)

5

V. Petitioner's Objections

By letter dated April 2, 2013, Petitioner filed objections to the Report. (Petitioner's Objection to Magistrate Judge's Report and Recommendation ("Petitioner's Objections") [dkt. no. 32].) In his objections to the Report, Petitioner states that he objects to "each and every recommendation contained in said R[&]R." (Petitioner's Objections at 1.) However, Petitioner does not present this Court with new arguments. Overall, Petitioner's Objections to the Report consist of a reiteration of the claims he had previously made in his § 2254 Petition.

ANALYSIS

I. Standard of Review

When reviewing a magistrate judge's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. Id.; see United States v. Male Juvenile, 121 F.3d 34, 38 (2d. Cir 1997). When a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error. See, e.g., Frankel v. City of New York, Nos. 06 Civ. 5450 & 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009).

6

II. <u>Individual Analysis of Petitioner's Claims</u>

A. <u>Claims Raised by Petitioner on his Direct Appeal</u>

  1. <u>Claim 1: Insufficient or Against the Evidence</u>

Petitioner's first claim contains two allegations: (1) challenging the weight of the evidence, and (2) challenging the sufficiency of the evidence. (§ 2254 Petition, Attachment at 1.) In the Report, Judge Freeman evaluates each allegation and recommends dismissal. (R&R at 29.) Since the weight of the evidence allegation is a claim grounded in state law, it is not available for federal review. 28 U.S.C. § 2254(a) (permitting habeas federal review if Petitioner alleges he is in custody in violation of "the Constitution or laws or treaties of the United States"). As to the alleged insufficiency of the evidence, applying the standard of review set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner can be granted habeas relief only if this Court finds that, when viewing the evidence most favorably to the prosecution, no rational jury could find guilt beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979). Petitioner's claim does not survive this highly deferential standard of review.

In his objections to the Report, Petitioner reiterates the same argument of allegedly insufficient testimonies.

7

such constitutes an independent state-law procedural ground. See People v. Chebere, 740 N.Y.S.2d 25, 26 (1st Dep't 2002). The New York preservation rule at issue, which requires specific contemporaneous objections to be raised to a trial court's ruling before challenging them in an appeal is considered, is adequate. See New York C.P.L.R. § 470.05(2).

To allow the habeas review nonetheless, Petitioner must show cause and prejudice or a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Cause is some objective factor, external to the defendant, which impeded Petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner must show that: (1) "the factual or legal basis for a claim was not reasonably available to counsel"; (2) "some interference by state officials made the Petitioner's compliance [with the procedural rule] impracticable"; or (3) "the procedural default is the result of ineffective assistance of counsel." Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). In order to show prejudice, Petitioner must demonstrate that the alleged constitutional error worked to his "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Because Petitioner did not raise an ineffective assistance claim in trial court, he cannot raise it now under the New York preservation rule. Because

Cir. 1998). This Court finds that Petitioner's claim fails because the evidence presented at trial of his involvement in the drug trade was probative of an element of the alleged crimes.

The Report also advises dismissal of Petitioner's challenge of the cross-examination performed on him regarding the alleged abuse of his ex-girlfriend (Claim 4). (R&R at 38.) Since this cross-examination did not provide the basis for conviction or serve to remove a reasonable doubt as to Petitioner's involvement in the victim's murder, Petitioner's challenge to it is invalid. Dunnigan, 137 F.3d at 125. The questioning cannot provide the basis for habeas relief because the questions did not give rise to a fundamentally unfair trial, violating Defendant's right to due process. Id.

4. Claim 5: Summation

The Report recommends dismissal of Petitioner's claim that the trial court had unjustifiably limited his trial counsel's summation at the close of trial. (R&R at 39.) Summation is not evidence, and a trial judge has "broad discretion" to limit both the scope and duration of a criminal defendant's summation. Herring v. New York, 422 U.S. 853, 862 (1975). Petitioner was not impeded in any way from attacking the evidence that was actually presented at trial, and the summation's limitation was only targeted at the defense's insinuations of prosecutorial

11

misconduct. (R&R at 40.) Using the standard of review set forth in AEDPA, this Court finds proper the Appellate Division's dismissal of the claim, because its rejection of Petitioner's challenge to the trial court's limitation of his counsel's summation cannot be deemed contrary to, or an unreasonable application of, clearly established federal law.

5. Claim 6: Improper Jury Instructions

Petitioner alleges that the trial court failed to instruct the jury of the proper burden of proof regarding Petitioner's alibi defense and that consequently his due process rights were violated. (§ 2254 Petition, Attachment at 1.) The Report recommends this Court dismiss the improper jury instruction claim for the same reasons the second claim has been rejected. (R&R at 41.) New York courts have consistently held that claims challenging jury instructions must be preserved by specific objections at trial. People v. Iannelli, 69 N.Y.2d 684, 685 (1986). This claim should be dismissed as procedurally barred because Petitioner has not shown cause nor demonstrated a fundamental miscarriage of justice.

Although Petitioner objects to this finding, this Court does not find a reiteration of his § 2254 Petition arguments to be persuasive.

### 6. Claim 7: Excessive Sentence

The Report finds no federal basis for Petitioner's claim of excessive sentence and therefore recommends for it to be dismissed. (R&R at 42.) In order to state a cognizable Eighth Amendment cruel and unusual punishment claim, Petitioner must point to a specific statute and allege it to be unconstitutional. See United States v. Dawson, 400 F.2d 194, 200 (2d Cir. 1968). Petitioner does not point to a statute, and his sentence does not fail to comply with state law, therefore his claim does not qualify for habeas relief.

### B. Claims Raised by Petitioner in his Section 440 Motion

#### 1. Claim 8: The Alleged Withholding of Brady Material

Petitioner claims that the prosecution withheld cooperation agreements in contravention of Brady v. Maryland, 373 U.S. 83 (1963). (§ 2254 Petition, Attachment at 1.) The Report recommends dismissal of this claim by referring to Judge Patterson's dismissal of almost identical claims and arguments made by one of Petitioner's co-defendants, Cesar Martinez, in his own Brady claim. (R&R at 44.)

If evidence favorable to the accused is suppressed upon request, his due process rights are violated where the evidence is material either to guilt or to punishment, regardless of the good faith or bad faith of the prosecution. Brady, 373 U.S. at 87. Mere speculation of evidence being withheld, however, is

13

"insufficient to warrant habeas relief." Mallet v. Miller, 432 F. Supp. 2d 366, 377 (S.D.N.Y. 2006). Judge Freeman conducted an independent in camera review of the materials in response to Petitioner's two FOIL requests and concluded that Petitioner's Brady claim had failed. (R&R at 46.) Additionally, when responding to an identical claim made by one of Petitioner's co-defendants, Cesar Martinez, Judge Patterson reasoned that the odds of Quinones, getting a plea agreement were "nil" because the prosecution had nothing to give him in return at the time of the trial. Martinez v. Phillips, No. 04 Cv. 8617, 2009 U.S. Dist. LEXIS 34847, at *79-80 (S.D.N.Y. Apr. 24, 2009). Petitioner has failed to present this Court with evidence that materials were improperly withheld under the Brady standard.

2. Claim 9: Prosecutorial Misconduct for Eliciting Allegedly False Testimony

The Report recommends dismissal of Petitioner's claim that the prosecution elicited false testimony from one or more cooperating witnesses because it lacks merit. (R&R at 47.) Petitioner has failed to demonstrate that Quinones actually had a cooperation agreement with the government with respect to Petitioner's case, and the state court's rejection of Petitioner's claim did not contradict or unreasonably apply

14

established federal law. For these reasons, Petitioner's claim fails.

3. Claim 10: Ineffective Assistance of Trial Counsel for Failure to Conduct an Adequate Investigation

The Report advises dismissal of this claim because the state court's rejection of that claim was not contrary to or an unreasonable application of established federal law. (R&R at 48.) Petitioner's ineffective assistance claim makes four allegations upon which the claim rests: (1) counsel's alleged failure to consult with Petitioner until two days before trial, (2) counsel's alleged failure to visit the crime scene, (3) counsel's alleged failure to interview witnesses, and (4) counsel's alleged failure to investigate the circumstances around Quinones' testimony. (Id. at 49-54.)

For an ineffective assistance claim to be successful, counsel's conduct must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 685-86 (1984). In order to demonstrate ineffectiveness, Petitioner must show both that: (1) his counsel's performance was deficient to such a degree that the "representation fell below an objective standard of reasonableness," (id. at 688), and (2) this deficient performance prejudiced the defense such that "there is a

15

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," (id. at 694).

Petitioner's allegation that his counsel failed to consult with Petitioner until two days before trial contradicts the state court's finding based on the proceedings that took place weeks before trial that counsel had met with Petitioner well before trial. (See Sandusky Aff., Ex. 4 (Order, dated Dec. 19, 1999 ("12/19/99 Order")), at 3-4 (noting that counsel's "comprehensive understanding of the case" during those pre-trial proceedings made it "obvious that [counsel] had already met and extensively conferred with his client to prepare a defense").) Accordingly, this Court finds that allegation without merit.

The state court rejected Petitioner's second allegation that his counsel's failure to visit the crime scene constituted ineffective assistance because Petitioner's defense was based on a purported alibi. (12/19/99 Order at 4.) This Court affirms the state court's conclusion finding Petitioner's allegation without merit because Petitioner was not able to show that had his counsel visited the crime scene, Petitioner's trial would have had a different outcome.

Petitioner's third claim of ineffective assistance because of his counsel's alleged failure to interview unnamed witnesses is also dismissed, as recommended by the Report. (R&R at 53.)

16

Without evidence to the contrary, the Court must presume that Petitioner's counsel chose for strategic reasons not to interview or call unspecified witnesses. United States ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974) (holding that the "decision to call or bypass particular witnesses is peculiarly a question of trial strategy which courts will practically never second-guess" when considering an allegation of ineffective assistance of counsel). Not only has Petitioner not disclosed any information concerning the identity or even existence of these witnesses, he has not shown that he suffered prejudice from his counsel's failure to interview them and has not shown that the verdict would have been altered had the interviews taken place.

Lastly, the Report recommends dismissal of Petitioner's allegation that he suffered from ineffective assistance due to his counsel's alleged failure to investigate the surroundings of Quinones' testimony. (R&R at 53.) Petitioner has not come forth with any evidence that further investigation on the circumstances surrounding Quinones' testimony would have revealed that he was a government informant. Petitioner's allegation fails both prongs of the Strickland test.

In his objections to the Report, Petitioner attempts to make his second claim, the allegedly false testimony of James Venson, an additional issue of ineffective assistance.

17

(Petitioner's Objections at 3.)  However, this claim is rejected for the same reasons Petitioner's ineffective assistance claim based on his counsel's failure to investigate the surroundings of Quinones' testimony fails, namely, that Petitioner has not come forth with any evidence showing that such testimonies were suspicious and that the claims fail to satisfy either prong of the test articulated in Strickland.

Petitioner's ineffective assistance claim is dismissed on the merits.  None of Petitioner's allegations give rise to claims upon which habeas relief can be granted.

   4. Claim 11:  Double Jeopardy

Petitioner claims that the prosecution's alleged misconduct at trial should preclude the government from retrying the case should he receive relief from judgment of the conviction.  (R&R at 54.)  This claim is dismissed because Petitioner does not face a second trial, and this Court is not ordering a new trial.

C. Newly Added Claims

   1. Claim 12:  Alleged Denial of Due Process Rights in
          Connection with Efforts to Obtain Purported Brady Material

Petitioner claims that his right to due process was violated when the trial court failed to conduct an in camera inspection of the prosecution's files.  (§ 2254 Petition, Attachment at 1.)  The Report recommends dismissal of this claim both procedurally and on the merits.  (R&R at 55 ("This claim is

18

unexhausted but should be dismissed on the merits nonetheless.").)

When a defendant does not require a particular file, but merely makes a general request for exculpatory material under Brady, it is up to the State to decide what information to disclose. See Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) ("Defense counsel has no constitutional right to conduct his own research of the State's files to argue relevance."). Judge Freeman has reviewed Petitioner's supposed evidence that documents were withheld and has conducted an in camera review of the documents without finding any exculpatory evidence or anything that suggests any was ever withheld. (R&R at 56.) Petitioner's failure to show that any exculpatory evidence would have been disclosed had the trial court conducted an in camera review fails to demonstrate a violation of Petitioner's due process rights. Ritchie, 480 U.S. at 58 (noting that, where trial court failed to conduct an in camera review of certain confidential documents, the conviction would stand if subsequent review revealed that "the nondisclosure was harmless beyond a reasonable doubt"). Accordingly, Petitioner's due process claim is without merit.

2. <u>Claim 13: Ineffective Assistance of Counsel Based Upon Failure to Explore the Circumstances Surrounding Quinones' Testimony</u>

Petitioner alleges that he received ineffective assistance because his counsel "failed to fully explore the circumstances [under which] Quinones testified." (Sandusky Aff., Ex. 19 (Affirmation in Support Motion to Amend FRCP Rule 15d, dated Nov. 5, 2007), at 34-39.) In the Report, Judge Freeman explains that if this claim is a reiteration of Claim 10, it should be rejected on the same grounds, namely, that the state court's rejection of the claim was not contrary to or a reasonable construction of established federal law. (R&R at 57.)

If, however, Petitioner challenges (1) trial counsel's failure to subpoena certain documents and request <u>in camera</u> review of certain documents withheld by the prosecution' and (2) the adequacy of counsel's cross-examination of Quinones at trial, then Petitioner's claim is unexhausted but the Report advises this court to dismiss it on the merits nonetheless. (R&R at 57.)

Petitioner's failure to demonstrate the actual existence of material evidence that was not disclosed prior to his trial prevents him from prevailing on the first allegation. Petitioner's counsel cannot be faulted for failing to obtain

20

documents that Petitioner has not shown existed. The defense counsel's "vigorous cross-examination (and re-cross)" of Quinones does not support Petitioner's allegation of ineffective counsel. (R&R at 58.) Additionally, the allegation fails the two-prong Strickland test. As such, this Court dismisses Petitioner's unexhausted claim on its merits.

Petitioner's objections to the Report maintain both the Brady material claims as well as the ineffective assistance claims. In his objections, some of the previous claims are shuffled around to fall under one of these two categories. For example, Petitioner claims that the allegedly false nature of the testimonies at his trial would have been exposed by an effective counsel and should therefore be added as an additional ineffective counsel allegation. (Petitioner's Objections at 5.) Petitioner also argues that his trial counsel failed to preserve a viable due process claim. (Id. at 16.) As to the Brady material, Petitioner does not present this Court with any evidence that would contradict Judge Freeman's findings. Petitioner's arguments for his Brady material claim only consist of speculation and do not rely on any evidence. Accordingly, this Court finds all of Petitioner's objections without merit as they constitute a reiteration of Petitioner's original § 2254 Petition.

21

CONCLUSION

Having reviewed the Judge Freeman's Report and Petitioner's objections, I find Petitioner's objections to be without merit, and I find the balance of the Report to be well-reasoned and thoroughly grounded in the law. Accordingly, it is hereby ORDERED that the Report [dkt. no. 28] is adopted in all respects and Petitioner's request to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254 is [dkt. no. 2] DENIED.

SO ORDERED.

Dated: New York, New York
       September 12, 2013

*Loretta A. Presley*
UNITED STATES DISTRICT JUDGE

22